# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| KATHRYN HOWES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | |
| | ) | Docket No. 1:05-cv-114-DBH |
| THE STANLEY MEDICAL | ) | |
| RESEARCH INSTITUTE, | ) | |
| E. FULLER TORREY, M.D., | ) | |
| MATTHEW CYR, and | ) | |
| LORIE STEVENS | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANTS MATTHEW CYR AND LORIE STEVENS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

For their Amended Answer to the Plaintiffs' Complaint, the Defendants Matthew

Cyr and Lorie Stevens state as follows:

### FIRST DEFENSE

The Plaintiffs' claims are barred pursuant to 22 M.R.S.A. §2907 (3).

### SECOND DEFENSE

The Plaintiffs' claims are barred by the doctrine of estoppel.

### THIRD DEFENSE

The Plaintiffs' claims are barred by waiver or consent.

### *FOURTH DEFENSE*

The Plaintiffs' claims are barred by their failure to comply with the Notice of

Claim and prelitigation screening provisions of the Main Health Security Act.

### *FIFTH DEFENSE*

The Plaintiffs' claims are barred by the applicable statute of limitations.

### *SIXTH DEFENSE*

The Plaintiffs' claims are barred, in whole or in part, by the comparative fault

imputable to them.

### *SEVENTH DEFENSE*

The Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate

their damages.

### *EIGHTH DEFENSE*

The Plaintiffs' claims are barred by the doctrine of charitable immunity.

### *NINTH DEFENSE*

The Plaintiffs' claims are barred by their lack of standing.

### *TENTH DEFENSE*

1.      Paragraph 1 of the Complaint violates *Me.R.Civ.P.* 10(b) and requires no

answer.  Insofar as it may require an answer, its allegations are denied.

*PARTIES*

2.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Plaintiff's Complaint, and therefore deny same.

3.      The Defendants admit the allegations contained in the first and second sentences of Paragraph 3 of the Plaintiff's Complaint and deny the allegations contained in the third sentence of Paragraph 3 of the Plaintiff's Complaint.

4.      The Defendants admit the allegations contained in the first and second sentences of Paragraph 4 of the Plaintiff's Complaint and deny the allegations contained in the third sentence of Paragraph 4 of the Plaintiff's Complaint.

5.      The Defendants deny the allegations contained in Paragraph 5 of the Plaintiffs' Complaint.

6.      The Defendants deny the allegations contained in Paragraph 6 of the Plaintiffs' Complaint.

*BACKGROUND*

7.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 7 of the Plaintiff's Complaint, and therefore deny the same.

8.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 8 of the Plaintiff's Complaint, and therefore deny the same.

9.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 9 of the Plaintiff's Complaint, and therefore deny the same.

10.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 10 of the Plaintiff's Complaint, and therefore deny the same.

11.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 11 of the Plaintiff's Complaint, and therefore deny the same.

12.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 12 of the Plaintiff's Complaint, and therefore deny the same.

13.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 13 of the Plaintiff's Complaint, and therefore deny the same.

14.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 14 of the Plaintiff's Complaint, and therefore deny the same.

15.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 15 of the Plaintiff's Complaint, and therefore deny the same.

16.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 16 of the Plaintiff's Complaint, and therefore deny the same.

17.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 17 of the Plaintiff's Complaint, and therefore deny the same.

18.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 18 of the Plaintiff's Complaint, and therefore deny the same.

19.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 19 of the Plaintiff's Complaint, and therefore deny the same.

20.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 20 of the Plaintiff's Complaint, and therefore deny the same.

21.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 21 of the Plaintiff's Complaint, and therefore deny the same.

22.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 22 of the Plaintiff's Complaint, and therefore deny the same.

23.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 23 of the Plaintiff's Complaint, and therefore deny the same.

24.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matter alleged in Paragraph 24 of the Plaintiff's Complaint, and therefore deny the same.

25.     The Defendants admit that Matthew Cyr was formerly employed by New England Eye and Tissue Bank, and that in that capacity he interacted with the Office of the Medical Examiner.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore deny the same.

26.     The Defendants admit the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27.     The Defendants admit the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28.     The Defendants admit that Matthew Cyr was not an employee of a public agency, and that he performed services in Maine for SMRI and Dr. Torrey during the period referred to in this paragraph.  The Defendants deny the allegation that Cyr lacked qualifications.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore deny the same.

-6-

29.     The Defendants admit that SMRI on some occasions paid Matthew Cyr $1000 for each brain delivered to SMRI, but are without knowledge or information sufficient to admit or deny the allegation that he was paid in this amount for every brain he delivered to SMRI.  The Defendants deny the remaining allegations contained in this paragraph of the Complaint.

30.     The Defendants admit that during some period of time Matthew Cyr was paid by the methods described in this paragraph, but are without knowledge or information sufficient to form a belief as to exactly when Cyr was paid by those methods.

31.     The Defendants admit that on occasion during the period that Matthew Cyr worked for SMRI, Lorie Stevens assisted him by taking phone calls, relaying phone messages, and transmitting requests for medical records.  The Defendants further admit that Lorie Stevens, on those occasions when she was present during Matthew Cyr's communications with decedents' next of kin, verified their consent to donate their decedents' tissue to SMRI.  The Defendants deny the remaining allegations contained in this paragraph of the complaint.

32.     The Defendants admit that SMRI furnished Matthew Cyr with some tools and supplies for the processing of brain and other tissue, and further answer that the letter referred to in this paragraph speaks for itself.

33.     The Defendants answer that the Affidavit of Dr. Torrey, referred to in this paragraph, speaks for itself.

34.     The Defendants admit that Matthew Cyr, in carrying out the work he performed for SMRI, sometimes identified himself as a representative of the Stanley Foundation.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore deny the same.

35.     The Defendants admit the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

36.     The Defendants admit that Matthew Cyr used a form like Exhibit A, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Plaintiff's Complaint and therefore deny same.

37.     The Defendants admit that Matthew Cyr used a form like Exhibit A in seeking consent for the donation of brains and other tissue.  The Defendants further answer that Exhibit A speaks for itself.

38.     The Defendants answer that Exhibit A speaks for itself.

39.     The Defendants answer that Exhibit A speaks for itself.

40.     The Defendants admit that SMRI provided Matthew Cyr with forms like Exhibits B and C.  The Defendants further answer that exhibits B and C speak for themselves.

41.     The Defendants deny that Matthew Cyr was guilty of any wrongdoing in connection with the work he performed for SMRI.  The Defendants further admit that

Matthew Cyr's services have been terminated by SMRI and by the Office of the Medical Examiner.

42.     The Defendants deny that Matthew Cyr obtained brain or other tissue donations without the informed, knowing consent of the next of kin, and they further deny the allegations contained in this paragraph insofar as those allegations are meant to imply that the consent Cyr obtained for any donation was defective in any respect.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore deny the same.

43.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that SMRI was aware of Matthew Cyr's various jobs and related responsibilities.  The Defendants deny that Matthew Cyr's various jobs and related responsibilities were "conflicting," and that SMRI "took advantage of" them to gather more organs.

44.     The Defendants admit the allegations contained in Paragraph 44 of the Plaintiff's Complaint.

45.     The Defendants deny the allegations contained in Paragraph 45 of the Plaintiff's Complaint.

46.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Plaintiff's Complaint, and therefore deny the same.

47.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Plaintiff's Complaint, and therefore deny the same.

48.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Plaintiff's Complaint, and therefore deny the same.

49.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Plaintiff's Complaint, and therefore deny the same.

50.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Plaintiff's Complaint, and therefore deny the same.

51.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 51 of the Plaintiff's Complaint, and therefore deny the same.  The Defendants deny the allegations contained in the second, third and fourth sentences of this paragraph.

52.     The Defendants deny the allegations contained in the first sentence of Paragraph 52 of the Plaintiff's Complaint.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny the same.

53.     The Defendants deny the allegations contained in Paragraph 53 of the Plaintiff's Complaint.

54.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Plaintiff's Complaint, and therefore deny the same.

55.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Plaintiff's Complaint, and therefore deny the same.

56.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Plaintiff's Complaint, and therefore deny the same.

57.     The Defendants answer that Exhibit E speaks for itself.

58.     The Defendants answer that Exhibit E speaks for itself.  The Defendants deny the remaining allegations contained in Paragraph 58 of the Plaintiff's Complaint.

59.     The Defendants answer that Exhibits F and G speak for themselves.

60.     The Defendants deny the allegations contained in Paragraph 60 of the Plaintiff's Complaint.

61.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Plaintiff's Complaint, and therefore deny the same.

62.     The Defendants deny the allegations contained in Paragraph 62 of the Plaintiff's Complaint.

## COUNT I
### Violations of the Uniform Anatomical Gift Act

63.     The Defendants repeat and reallege their answers to Paragraphs 1 through 62 above as if fully set forth herein.

64.     This paragraph of the Plaintiffs' Complaint states conclusions of law to which no answer is required.

65.     This paragraph of the Plaintiffs' Complaint states conclusions of law to which no answer is required.  Insofar as this paragraph contains allegations of fact which require an answer, those allegations are denied.

66.     This paragraph of the Plaintiffs' Complaint states conclusions of law to which no answer is required.  Insofar as this paragraph contains allegations of fact which require an answer, those allegations are denied.

67.     This paragraph of the Plaintiffs' Complaint states conclusions of law to which no answer is required.  Insofar as this paragraph contains allegations of fact which require an answer, those allegations are denied.

68.     This paragraph of the Plaintiffs' Complaint states conclusions of law to which no answer is required.  Insofar as this paragraph contains allegations of fact which require an answer, those allegations are denied.

69.     The Defendants admit that they were not attending physicians nor hospital administrators.  The Defendants deny the remaining allegations contained in this paragraph of the Complaint.

70.     The Defendants deny the allegations contained in Paragraph 70 of the Plaintiffs' Complaint.

WHEREFORE, the Defendants pray that Count I of the Plaintiffs' Complaint be dismissed, and that the Defendants be awarded their costs of court.

## COUNT II
### Negligence

71.     The Defendants repeat and reallege their answers to Paragraphs 1 through 70 above as if fully set forth herein.

72.     This paragraph of the Plaintiffs' Complaint states conclusions of law to which no answer is required.  Insofar as this paragraph contains allegations of fact which require an answer, those allegations are denied.

73.     This paragraph of the Plaintiffs' Complaint states conclusions of law to which no answer is required.  Insofar as this paragraph contains allegations of fact which require an answer, those allegations are denied.

74.     The Defendants deny the allegations contained in Paragraph 74 of the Plaintiffs' Complaint.

75.     The Defendants deny the allegations contained in Paragraph 75 of the Plaintiffs' Complaint.

76.     The Defendants deny the allegations contained in Paragraph 76 of the Plaintiffs' Complaint.

WHEREFORE, the Defendants pray that Count II of the Plaintiffs' Complaint be dismissed, and that the Defendants be awarded their costs of court.

## COUNT III
### Negligent Infliction of Emotional Distress

77.     The Defendants repeat and reallege their answers to Paragraphs 1 through 76 above as if fully set forth herein.

78.     This paragraph of the Plaintiffs' Complaint states conclusions of law to which no answer is required.  Insofar as this paragraph contains allegations of fact which require an answer, those allegations are denied.

79.     The Defendants deny the allegations contained in Paragraph 79 of the Plaintiffs' Complaint.

80.     The Defendants deny the allegations contained in Paragraph 80 of the Plaintiffs' Complaint.

81.     The Defendants deny the allegations contained in Paragraph 81 of the Plaintiffs' Complaint.

WHEREFORE, the Defendants pray that Count III of the Plaintiffs' Complaint be dismissed, and that the Defendants be awarded their costs of court.

## *COUNT IV*
### *Intentional Infliction of Emotional Distress*

82.     The Defendants repeat and reallege their answers to Paragraphs 1 through 81 above as if fully set forth herein.

83.     The Defendants deny the allegations contained in Paragraph 83 of the Plaintiffs' Complaint.

84.     The Defendants deny the allegations contained in Paragraph 84 of the Plaintiffs' Complaint.

85.     The Defendants deny the allegations contained in Paragraph 85 of the Plaintiffs' Complaint.

86.     The Defendants deny the allegations contained in Paragraph 86 of the Plaintiffs' Complaint.

WHEREFORE, the Defendants pray that Count IV of the Plaintiffs' Complaint be dismissed, and that the Defendants be awarded their costs of court.

## *COUNT V*
### *Fraud*

87.     The Defendants repeat and reallege their answers to Paragraphs 1 through 86 above as if fully set forth herein.

88.     The Defendants deny the allegations contained in Paragraph 88 of the Plaintiffs' Complaint.

89.     The Defendants deny the allegations contained in Paragraph 89 of the Plaintiffs' Complaint.

90.     The Defendants deny the allegations contained in Paragraph 90 of the Plaintiffs' Complaint.

91.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Plaintiffs' Complaint, and therefore deny same.

92.     The Defendants deny the allegations contained in Paragraph 92 of the Plaintiffs' Complaint.

93.     The Defendants deny the allegations contained in Paragraph 93 of the Plaintiffs' Complaint.

94.     The Defendants deny the allegations contained in Paragraph 94 of the Plaintiffs' Complaint.

95.     The Defendants deny the allegations contained in Paragraph 95 of the Plaintiffs' Complaint.

96.     The Defendants deny the allegations contained in Paragraph 96 of the Plaintiffs' Complaint.

97.     The Defendants deny the allegations contained in Paragraph 97 of the Plaintiffs' Complaint.

98.     The Defendants deny the allegations contained in Paragraph 98 of the Plaintiffs' Complaint.

WHEREFORE, the Defendants pray that Count V of the Plaintiffs' Complaint be dismissed, and that the Defendants be awarded their costs of court.

### COUNT VI
### Negligent Misrepresentation

99.     The Defendants repeat and reallege their answers to Paragraphs 1 through 98 above as if fully set forth herein.

100.    The Defendants deny the allegations contained in Paragraph 100 of the Plaintiffs' Complaint.

101.    The Defendants deny the allegations contained in Paragraph 101 of the Plaintiffs' Complaint.

102.    This paragraph of the Plaintiffs' Complaint states conclusions of law to which no answer is required.  Insofar as this paragraph contains allegations of fact which require an answer, those allegations are denied.

103.    The Defendants deny the allegations contained in Paragraph 103 of the Plaintiffs' Complaint.

104.    The Defendants deny the allegations contained in Paragraph 104 of the Plaintiffs' Complaint.

105.    The Defendants deny the allegations contained in Paragraph 105 of the Plaintiffs' Complaint.

WHEREFORE, the Defendants pray that Count VI of the Plaintiffs' Complaint be dismissed, and that the Defendants be awarded their costs of court.

## COUNT VII
### *Conversion*

106.   The Defendants repeat and reallege their answers to Paragraphs 1 through 105 above as if fully set forth herein.

107.   This paragraph of the Plaintiffs' Complaint states conclusions of law to which no answer is required.  Insofar as this paragraph contains allegations of fact which require an answer, those allegations are denied.

108.   The Defendants deny the allegations contained in Paragraph 108 of the Plaintiffs' Complaint.

109.   The Defendants deny the allegations contained in Paragraph 109 of the Plaintiffs' Complaint.

110.   The Defendants deny the allegations contained in Paragraph 110 of the Plaintiffs' Complaint.

WHEREFORE, the Defendants pray that Count VII of the Plaintiffs' Complaint be dismissed, and that the Defendants be awarded their costs of court.


## COUNT VIII
### *Violation of Racketeer Influenced and Corrupt Organizations Act ("RICO")*

111.   The Defendants repeat and reallege their answers to Paragraphs 1 through 110 above as if fully set forth herein.

112.   The Defendants deny the allegations contained in Paragraph 112 of the Plaintiffs' Complaint.

113.    The Defendants deny the allegations contained in Paragraph 113 of the Plaintiffs' Complaint.

114.    The Defendants deny the allegations contained in Paragraph 114 of the Plaintiffs' Complaint.

115.    The Defendants deny the allegations contained in Paragraph 115 of the Plaintiffs' Complaint.

116.    The Defendants deny the allegations contained in Paragraph 116 of the Plaint

117.    The Defendants deny the allegations contained in Paragraph 117 of the Plaintiffs' Complaint.

118.    The Defendants deny the allegations contained in Paragraph 118 of the Plaintiffs' Complaint.

WHEREFORE, the Defendants pray that Count VIII of the Plaintiffs' Complaint be dismissed, and that the Defendants be awarded their costs of court.

### COUNT IX
### Punitive Damages

119.    The Defendants repeat and reallege their answers to Paragraphs 1 through 118 above as if fully set forth herein.

120.    The Defendants deny the allegations contained in Paragraph 120 of the Plaintiffs' Complaint.

121.    The Defendants deny the allegations contained in Paragraph 121 of the Plaintiffs' Complaint.

WHEREFORE, the Defendants pray that Count IX of the Plaintiffs' Complaint be dismissed, and that the Defendants be awarded their costs of court.

Dated at Portland, Maine this 12th day of August, 2005.

NORMAN, HANSON & DETROY, LLC

/s/ Mark G. Lavoie
Mark G. Lavoie, Esq.

/s/Christopher C. Taintor
Christopher C. Taintor, Esq.
Attorneys for Defendants Matthew Cyr and
Lorie Stevens

Norman, Hanson & DeTroy, LLC
415 Congress Street, P.O. Box 4600
Portland, ME  04112-4600
(207) 774-7000

## *Certificate of Service*

I hereby certify that on August 12, 2005, I electronically filed Defendants Matthew Cyr and Lorie Stevens' Amended Answer to Plaintiff's Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

*Steven D. Silin, Esq.*
*Robert H. Furbish, Esq.*
*Berman & Simmons, P.A.*
*P.O. Box 961*
*Lewiston, ME  04243-0961*

*Thomas V. Laprade, Esq.*
*Lambert & Coffin*
*P.O. Box 15215*
*Portland, ME  04112-5215*

*Byrne J. Decker, Esq.*
*Pierce Atwood, LLP*
*One Monument Square*
*Portland, ME  04101-1110*

/s/ Christopher C. Taintor, Esq.
Attorney for Defendants
Matthew Cyr and Lorie Stevens

Norman, Hanson & DeTroy, LLC
P.O. Box 4600
415 Congress Street
Portland, ME  04112
(207) 774-7000
ctaintor@nhdlaw.com